# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **AARON BROWN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 21-CV-0470-CVE-JFJ** |
| | ) | |
| **MEGHAN ARLEDGE,** | ) | |
| **JOSHUA PRICE,** | ) | |
| **JOHN WOODWARD,** | ) | |
| **HYUNDAI MOTOR COMPANY, LTD.,** | ) | |
| **HYUNDAI MOTOR AMERICA,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

This matter comes before the Court for consideration of the notice of removal (Dkt. # 2) filed by defendants Hyundai Motor Company, Ltd. and Hyundai Motor America (the Hyundai defendants), and plaintiff's motion to remand (Dkt. # 14). This case arises from an automobile accident resulting in plaintiff, Aaron Brown, sustaining serious injuries. Dkt. # 2-2, at 2-3. On January 21, 2021, plaintiff filed an amended petition in the District Court of Tulsa County, Oklahoma alleging numerous claims for relief against defendants Meghan Arledge, Joshua Price, John Woodward,[1] and the Hyundai defendants, including negligence and strict products liability.

---

[1] The Court notes that plaintiff and the Hyundai defendants indicate that John Woodward's name is misspelled on the petition and amended petition, and that his actual name is John Woodard. The Court has reviewed the relevant filings in this case, and finds that this defendant has been duly served but has not yet entered an appearance in this matter. Therefore, for purposes of this order, the Court will refer to this defendant as John Woodward, which is how his name appears in the amended petition (Dkt. # 2-2), summons (Dkt. # 2-4, at 1), affidavit of service (Dkt. # 2-4, at 2), Oklahoma Tax Commission registration (Dkt. # 14-1, at 12), reassignment of title documentation (Dkt. # 14-1, at 19), and docket sheet.

Dkt. # 2-2, at 13-22. On October 29, 2021, the Hyundai defendants removed the case to federal court, asserting that this case is a "diversity action over which this court has original jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446." Dkt. # 2, at 1. On November 21, 2021, plaintiff filed a motion to remand to the District Court of Tulsa County. Dkt. # 14.

## I.

The following allegations are taken from the amended petition in the underlying action: on September 13, 2020, plaintiff was seriously injured in an automobile accident. Dkt. # 2-2, at 2. Plaintiff was stopped at an intersection in Tulsa, Oklahoma when he was struck from the rear by a Nissan Maxima occupied by defendants Arledge and Price. Id. At the time of the accident, plaintiff was properly restrained and driving a 2008 Hyundai Santa Fe--a vehicle designed, manufactured, assembled and tested by the Hyundai defendants. Id. "[D]espite being properly seated and properly wearing the available seatbelt, [plaintiff] sustained serious injuries when the subject vehicle failed to protect him because it violated several crashworthiness principles." Id. at 3. Defendants Arledge and Price were "both intoxicated while occupying the vehicle that collided into [p]laintiff's vehicle." Id. at 21. Further, plaintiff alleges that defendant Woodward, "who owned the vehicle at the time of the subject collision, negligently entrusted his vehicle to [d]efendants Meghan Arledge and/or Joshua Price." Id. Finally, plaintiff alleges that the Hyundai defendants are liable under various strict product and negligence theories of liability for the design, manufacturing, assembly, and testing of plaintiff's Hyundai vehicle. Id. at 13-17.

## II.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005);

Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991).  "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1095 (10th Cir. 2005).  The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.").  "The Court resolves doubtful cases in favor of remand." McDonald v. CSAA Ins. Exch., 2017 WL 887108, at *2 (W.D. Okla. Mar. 6, 2017) (citing Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982)).

A defendant may remove a case to federal court if the case is one over "which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  Under 28 U.S.C. § 1332, federal courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."  The Supreme Court has construed § 1332 to require complete diversity, and the "plaintiff must meet the requirements of the diversity statute for *each* defendant . . ." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 829 (1989) (emphasis in original).

### III.

Plaintiff moves to remand this case to the District Court of Tulsa County.  Dkt. # 14, at 7. Plaintiff argues that because plaintiff and defendants Woodward, Arledge and Price are Oklahoma citizens, "removal would not be proper as there is no federal question and there is no [complete] diversity[.]" Id. at 9.  Additionally, plaintiff requests, pursuant to 28 U.S.C. § 1447(c), that the Court

3

order the Hyundai defendants to pay just costs and expenses, including attorney fees, incurred as a result of the removal.  Id. at 29.  The Hyundai defendants respond that removal to federal court is proper because 1) Woodward, one of the non-diverse defendants, was fraudulently joined in this action; and 2) "dismissal of Arledge and Price for non-service of process is ripe under Oklahoma law"; thus, the Court should enter an order dismissing plaintiff's claims against Arledge and Price and "their citizenship may be disregarded for purposes of [the Court's] jurisdictional analysis." Dkt. # 25, at 7.  Accordingly, the Hyundai defendants argue that complete diversity exists as to the remaining parties.  Id.  For the reasons set forth below, the Court is unpersuaded by the Hyundai defendants' reasoning and finds that plaintiff's motion to remand (Dkt. # 14) should be granted.

  *a. Fraudulent Joinder*

  The Hyundai defendants argue that defendant Woodward was fraudulently joined "because there is no possibility [p]laintiff will be able to establish a claim for negligent entrustment against him." Id. at 12.  Specifically, the Hyundai defendants argue that defendant Woodward did not own, possess, or control the Nissan Maxima occupied by defendants Arledge and Price at the time of the September 13, 2020 automobile accident.  Id. at 15; see also Dkt. # 2-3, at 2 (statement of John Woodard, signed "under penalty of perjury[,]" that he "did not own the Nissan Maxima on September 13, 2020, and [he] was not in possession or control of the Nissan Maxima on September 13, 2020").

  The Supreme Court has recognized that a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921).  A defendant can prove fraudulent joinder by showing that either: 1) plaintiff's jurisdictional allegations are fraudulent and made in bad

4

faith; or 2) plaintiff has no possibility of recovery against the non-diverse defendant.  Slover v. Equitable Variable Life Ins. Co., 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006).  If a defendant can show that all non-diverse defendants were fraudulently joined, the remaining parties will be completely diverse and the federal court has subject matter jurisdiction.  See American Nat. Bank & Trust Co. of Sapulpa, v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991) ("If, as defendant suggests, plaintiffs joined the Oklahoma residents without good faith, defendant may remove on the grounds of fraudulent joinder.").

However, "the burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one."  Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000) (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)).  "In fact, the standard for showing fraudulent joinder is so stringent, due to the presumption in favor of a plaintiff's right to select their forum and join tortfeasors"; "the presumption against the exercise of removal jurisdiction due to federalism concerns"; "and the risk of a post-merits reversal for lack of jurisdiction that joinder may be considered legitimate even when the predicate claim would not survive on a motion to dismiss pursuant to Fed. R. Civ. P 12(b)(6)."  Cross v. Clemons, No. CIV-21-00743-PRW, 2021 U.S. Dist. LEXIS 232822, at *4 (W.D. Okla. Dec. 6, 2021).  When a defendant raises specific allegations of fraudulent joinder, the Court may pierce the pleadings to evaluate the defendant's argument.  Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F. 2d 879, 881-82 (10th Cir. 1967); Dodd v. Fawcett Publications, Inc., 329 F.2d 82, 85 (10th Cir. 1964).  "After resolving disputed questions of fact and ambiguities in favor of the plaintiffs, the court then determines whether they have 'any possibility of recovery against the party whose joinder is questioned.'"  Asbury v. N. Star Mut. Ins. Co., No. CIV-14-1331-HE, 2015 WL 588607, at *1 (W.D. Okla. Feb. 11, 2015) (quoting Montano v. Allstate

5

Indem., 2000 WL 525592, at *1 (10th Cir. 2000); Hart, 199 F.3d at 246).  "[T]he court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant." Nerad v. AstraZeneca Pharms., Inc., 203 F. App'x 911, 913 (10th Cir. 2006).[2]  "A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law." Id.  Although the Court can pierce the pleadings, "[t]his does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." Smoot, 378 F.2d at 882.

Here, plaintiff alleges that defendant Woodward negligently entrusted a vehicle he owned to defendants Arledge and Price.  Dkt. # 2-2, at 21.  The Supreme Court of Oklahoma has found that "[t]he liability of one who knowingly permits a careless, reckless, or otherwise incompetent driver to operate his automobile, for damages resulting therefrom is recognized in this jurisdiction." Berg v. Bryant, 305 P.2d 517, 519 (Okla. 1956).  Liability for negligent entrustment arises where "one who supplies, directly or through a third person, a chattel for the use of another whom the supplier knows, or should know, because of youth, inexperience, or otherwise, to be likely to use it in a manner involving unreasonable risk of bodily harm to others[.]" Id.

In support of his motion to remand, plaintiff submitted evidence that defendant Woodward 1) owned the Nissan Maxima at the time of the automobile accident, Dkt. # 16-1, at 4, 9 (Oklahoma Tax Commission vehicle registration and certificate of title); 2) resided at the same address as defendant Price, compare Dkt. # 14-1, at 6 (traffic collision report containing Price's home address),

---

[2]     Unpublished decisions are not precedential, but they may be cited for their persuasive value. See FED. R. APP. 32.1; 10TH CIR. R. 32.1.

with id. at 12 (Oklahoma Tax Commission registered address for John Woodward); and 3) defendant Arledge and Price's criminal history, including charges for unauthorized use of a vehicle and possession of methamphetamine, Id. at 33, 64.  Moreover, plaintiff alleges in his amended petition that defendants Arledge and Price were both intoxicated at the time of the collision.  Dkt. # 2-2, at 21.  The Hyundai defendants submitted a statement by defendant Woodward, signed "under penalty of perjury[,]" which states, in pertinent part, "[he is] aware of the lawsuit filed . . . by [plaintiff] in which [he is] named as a defendant"[3]; he "sold the white 2000 Nissan Maxima to Meghan Arledge prior to September 13, 2020"; he "had Meghan Arledge sign a bill of sale showing the sale of the car to her"; but he has "been unable to find the bill of sale."  Dkt. # 2-3, at 1.

After resolving all factual disputes and ambiguities in favor of plaintiff, Asbury, 2015 WL 588607, at *1, the Court finds that the Hyundai defendants have not met their heavy burden to show that plaintiff has no possibility of recovery against defendant Woodward for negligent entrustment.  Namely, plaintiff's alleged facts and proffered evidence show that 1) defendant Woodward was the owner of the Nissan Maxima at the time of the accident; and 2) Woodward lived with defendant Price, who had a criminal history of unauthorized use of a vehicle and possession of methamphetamine.  In other words, plaintiff's allegations and proffered evidence form a reasonable basis from which a jury could find that defendant Woodward is liable for negligent entrustment because he knew, or should have known, that defendants Price and Arledge were likely to use Woodward's Nissan Maxima in a manner that created an unreasonable risk of serious bodily harm.  In sum, the Court finds that defendant Woodward, a non-diverse defendant, was properly joined in

---

[3]      The Court notes that defendant Woodward was duly served on December 7, 2020, Dkt. # 2-4, at 2, but, to date, has not entered an appearance.

this action; thus, the Court does not have subject matter jurisdiction under 28 U.S.C. § 1332 for lack of complete diversity of the parties.[4]  See Newman-Green, Inc., 490 U.S. at 829.

   b. *Failure to Serve Defendants Arledge and Price*

   In their response to plaintiff's motion to remand, the Hyundai defendants argue that the "claims against Arledge and Price were deemed dismissed for failure of service of process under Oklahoma law prior to removal[,]" that is, "the claims against Arledge and Price were ripe for dismissal at the time of removal and this Court should enter an order so noting and dismissing them." Dkt. # 25, at 17.  However, whether plaintiff's claims against defendants Arledge and Price should be dismissed for failure to serve process is not the operative question before the Court regarding plaintiff's motion to remand; rather, the central issue is whether complete diversity exists between the parties in order for this Court to exercise subject matter jurisdiction.

   The Tenth Circuit directs courts to "examine the face of the complaint" in order to "determine whether a party has adequately presented facts sufficient to establish diversity jurisdiction." Gaines v. Ski Apache, 8 F.3d 726, 729 (10th Cir. 1993); see also Hunter Douglas Inc. v. Sheet Metal Workers Intern. Ass'n, Local 159, 714 F.2d 342 (4th Cir. 1983) ("Diversity jurisdiction is determined by the face of the complaint, not by which defendants have been served."); Clarence E. Morris, Inc. v. Vitek, 412 F.2d 1174, 1176 (9th Cir. 1969) ("[T]he existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service.").

---

[4] The Court notes that the parties make procedural arguments regarding consent and the timeliness of the Hyundai defendants' removal notice.  Dkt. # 14, at 10-13; Dkt. # 25, at 9-11.  These arguments hinge on whether defendant Woodward was, in fact, fraudulently joined.  However, the Court finds that defendant Woodward was properly joined in this action, and the timeliness and consent arguments are moot because, even if the removal notice was timely filed and consented to, removal was not proper for lack of complete diversity of citizenship between the parties.

"Given this, courts hold that the citizenship of a named, though unserved, defendant matters for diversity purposes." Ake v. Cent. United Life Ins. Co., No. CIV-17-539-R, 2017 WL 3105875, at *3 (W.D. Okla. July 21, 2017).   In fact, "[n]early every court" has found that "an unserved defendant's citizenship count[s] for diversity purposes."[5] Id.

Here, plaintiff alleges in his amended petition that defendants Arledge and Price "were, at all times relevant, residents of the County of Tulsa, State of Oklahoma." Dkt. # 2-2, at 2.  Moreover, the Hyundai defendants do not deny that defendants Arledge and Price are Oklahoma residents; instead, they argue that defendants Arledge and Price's "citizenship may be disregarded for the purposes of this Court's jurisdictional analysis." Dkt. # 25, at 20.  The Court finds that this argument is contrary to the relevant legal standard, and that defendants Arledge and Price's Oklahoma citizenship, even as unserved defendants, matters for the Court's jurisdictional analysis.  In sum, the Court finds that it lacks subject matter jurisdiction because there is no complete diversity of

---

[5]   See, e.g., Pecherski v. General Motors Corp., 636 F.2d 1156, 1160 (8th Cir. 1981) ("Despite the joined and served provision of section 1441(b), the prevailing view is that the mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety of removal."); Ott v. Consol. Freightways Corp. of Delaware, 213 F. Supp. 2d 662, 664 (S.D. Miss. 2002) ("[T]he law is clear that the citizenship of all named defendants, whether served with process or not, must be considered in determining whether complete diversity exists, thereby providing a jurisdictional basis for removal under 28 U.S.C. § 1441(a)."); In re Norplant Contraceptive Products Liability Litigation, 889 F. Supp. 271, 274 (E.D. Tex. 1995) ("Section 1441(b) . . . did not change the removal requirement set forth in [Pullman Co. v. Jenkins, 305 U.S. 534 (1939)] that a court, in determining the propriety of removal based on diversity of citizenship, must consider all named defendants regardless of service."); Rushing v. Dan River, Inc., No. Civ. 1:00CV00395, 2000 WL 1456292, *2 (M.D.N.C. Sept. 6, 2000) ("[R]egardless of whether an unserved resident defendant may be ignored in determining removability under 28 U.S.C. § 1441(b), the citizenship of all named defendants, whether served with process or not, must be considered in determining whether complete diversity exists.").

citizenship between the parties because plaintiff and defendants Arledge and Price are Oklahoma citizens; thus, plaintiff's motion to remand should be granted on this basis as well.

      *c.*      *Costs and Fees Incurred as a Result of Removal*

Plaintiff requests, pursuant to 28 U.S.C. § 1447(c), that the Court enter an order requiring the Hyundai defendants "to pay to [p]laintiff all costs and expenses, including attorney fees, incurred by [p]laintiff as a result of the removal." Dkt. # 14, at 31.  "In deciding whether to award costs under § 1447(c), the key factor is the propriety of defendant's removal. The district court does not have to find that the state court action has been removed in bad faith as a prerequisite to awarding attorney fees and costs under § 1447(c)." Martin v. Franklin Capital Corp., 393 F.3d 1143, 1146 (10th Cir. 2004), aff'd, 546 U.S. 132 (2005) (citations omitted).  Under 28 U.S.C. § 1447(c), "if a defendant's removal could be fairly supported by the law at the time, even if later deemed incorrect, a district court's discretionary decision not to award fees is appropriate." Id.  Because there are disputed issues of fact related to the removal and motion to remand, the Court exercises its discretion not to award fees and costs.

      **IT IS THEREFORE ORDERED** that the Court lacks subject matter jurisdiction over this case, and the motion to remand (Dkt. # 14) is **granted**. The Court Clerk is directed to **remand** this case to Tulsa County District Court.

      **IT IS FURTHER ORDERED** that plaintiffs' request for fees and costs is **denied**.   All scheduling order deadlines, including the March 6, 2023 pretrial conference and the March 20, 2023 jury trial, are hereby **stricken**.

      **DATED** this 15th day of April, 2022.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE